### ANN P. ADAMS *vs.* SILSBEE ADAMS.

The acceptance of a devise given upon the condition that the devisee shall within two years after the testator's decease pay to A. a certain sum of money, raises an implied promise on the part of the devisee to pay that sum to A., upon which an action may be maintained by A.'s administrator, although A. died within the two years.

CONTRACT. The declaration alleged that the defendant took a certain estate as devisee under the will of John Adams, upon the condition that he should within two years after the death of John Adams pay to Charles Adams, the plaintiff's intestate, the sum of six hundred dollars; that the defendant has been in possession of the devised estate, and has made repairs and improvements thereon; that John Adams died April 30th 1863, and Charles Adams died in December 1864, and the plaintiff is administratrix of his estate, and after the expiration of two years from John Adams's death made a demand upon the defendant for payment of the six hundred dollars. A copy of the devise was annexed, and was in these words: " I give and de-vise to my son Silsbee Adams the use and improvement, for and during his natural life, of my homestead estate in Hamilton aforesaid, and at his death it is my will that the said estate shall go to the heirs of my said son Silsbee. This gift and de-vise is upon the condition that said. Silsbee or his heirs shall within two years after my decease pay to my son **Charles Adams** the sum of six hundred dollars. '

The defendant filed a demurrer, which was overruled in the superior court, by *Russell,* J., and judgment rendered for the plaintiff; and the defendant alleged exceptions.

*C. Sewall,* for the defendant.

*J. A. Gillis,* for the plaintiff.

FOSTER, J. The sum payable to Charles Adams was a legacy which vested upon the acceptance by the defendant of the devise to him on condition of its payment. Upon the acceptance of such a devise, the law raises an implied promise by the devisee of the estate charged in favor of the legatee of the money charged upon it. The legacy vested as soon as the defendant accepted the devise to him, although not payable till two years after the testator's death. On the death of the legatee, it did not lapse and the devisee acquired no right to hold the estate freed from the charge, but the right to receive the legacy passed to the executor or administrator of the original donee. *Bowker* v. *Bowker,* 9 Cush. 519.

*Exceptions overruled.*